Doris Robinson Green, *et vir.,* v. Rose Robinson Lewis and Beulah Robinson Lewis, as Executrixes of and Trustees under the Last Will and Testament of John S. Robinson, deceased, *et al.*

151 So. 270.

Division B.

Opinion Filed November 1, 1933.

Rehearing Denied December 5, 1933.

Opinion on Rehearing Filed March 14, 1934.

_Bedell & Bedell,_ for Appellants;
_Daniel, Boggs & Thompson,_ for·Appellees.

BUFORD, J.—The appellant filed bill in chancery in which she· sought to have declared void a certain clause in her grandfather's Last Will and Testament and also sought to have construed other clauses in the Will so that she might be decreed to be entitled to a one-twelfth (1/12) of the income of the estate of her grandfather from and after the 13th day of November, 1924, at which date her grandmother, a beneficiary under the Will· and by reason of the death of whom she claims this right, died.

The case presents some interesting questions and one might write a volume concerning the law applicable to this case. The present writer, however, has neither the time, nor inclination, to do that and, therefore, we shall dispose of the necessary questions as directly as is possible.

John S. Robinson on the 27th day of April,·1910, executed his last Will and Testament.

This suit involves only certain parts of that Will. Those parts are as follows:

"I give, devise and bequeath all of my estate and effects whatsoever and wheresoever located, both real and personal, to which I may be entitled, or of which I may have the power to dispose at the time of my decease to my wife, Lizzette G. Robinson of Jacksonville, Florida, Rose Robinson Lewis of Rixeyville, Virginia, Beulah Robinson Lewis of Smithfield, West Virginia, and E. L. Robinson of New Martinsville, West Virginia, co-trustees, upon trust."

Items I and II are not involved.

Items III, IV, V and VI are as follows:

## "111.

"I direct that my said trustees shall pay to my granddaughter, Doris L. Robinson, the daughter of my deceased son, John S. Robinson, Jr., the sum of three thousand ($3,000.00) dollars in cash, or its equivalent in other property as my trustees may elect, when she shall reach the age of twenty-one years, and in the event she should die before she reaches the age of twenty-one years, then said amount shall revert to my estate and be cared for and disposed of as my other property as herein provided. I further direct that in the event Florence L. Robinson, the mother of my granddaughter, Doris L. Robinson, shall die before my said granddaughter, then it is my will and I desire that said granddaughter shall be given in sole charge of one of my three first named trustees and my said trustees shall provide for the maintenance, care and education of my said granddaughter out of the income from my estate until she shall reach the age of twenty-one years, and she shall share in my *estate* as my other *grandchildren* as hereinafter provided, but in the event the said Doris L. Robinson shall not be given in charge of my said trustees by her mother's relatives, or she, herself, shall refuse to go into my said trustees' charge, then the said amount of three thousand

($3,000.00) dollars shall be the only amount she shall receive from my *estate*.

"IV.

"To pay and distribute among my wife, Lizzette G. Robinson, and my daughters, Rose Robinson Lewis and Beulah Robinson Lewis, in the proportions of one-fourth to my said wife and one-eighth to each of my said daughters, during life, of the net annual *income* received from my properties, of whatever kind or character, said distribution of the above percentage of income to be paid to the beneficiaries herein named, annually, quarterly, or monthly as my trustees may elect, or as in their opinion shall be most beneficial to the beneficiaries herein named, I give them absolute authority to act in this behalf; in the event of death of either or any of the beneficiaries herein named, or of their children, taking by substitution after their death, then I direct that the proportion *of the income* of such deceased person or persons be divided among the issue of such deceased person, and in the event such deceased person should have no living issue or direct descendants thereof then I direct that the proportion of such beneficiary or beneficiaries shall be divided equally among the surviving beneficiaries in equal proportion.

"V.

"I direct that my estate shall be held in trust by my said trustees, for the beneficiaries above named and their issue taking by substitution, until twenty-one years after the decease of any now living grandchild who may die last.

"VI.

"I direct that when the said trust herein created shall terminate, that then my estate shall be divided equally in the proportions to which their ancestors are entitled, among the surviving heirs of the issue of the beneficiaries herein named, provided, however, that no portion of my *estate,*

except the special bequest of $3,000.00 shall go to my grand-daughter, Doris L. Robinson, or her issue, unless the provisions of article three of this will shall have been strictly complied with."

The first clause of Item VII of the Will is pertinent because it shows that the Testator is dealing separately with the corpus of the estate on one hand and the income of the estate on the other. The first paragraph of Item VII is as follows:

"I direct that after paying the beneficiaries the proportion of the income to which they are entitled each year, that then my said trustees shall invest the remaining fifty per cent., less such amount as may be needed for my grand-daughter, Doris L. Robinson, as provided in Article No. 3 hereof, for the benefit of my estate, and that such investments shall only be made in the following classes of securities, to-wit: real estate, City, suburban and country; standing pine, cypress, and other timber; stock in real estate and timber corporations; and mortgages on real estate at the then current rate of interest and the income derived from said investments shall be put in with the other income from my estate and shall be divided and reinvested as hereinabove provided."

It will be noted that in this paragraph it is provided: "I direct that after paying the beneficiaries the proportions of the income to which they are entitled each year that then my said trustees shall invest the remaining fifty per cent., less such amount as may be needed for my granddaughter, Doris L. Robinson, as provided in Article No. 3 hereof, for the benefit of my estate," etc.

It is contended here that conditions imposed by Item III of the Will are void because the same are contrary to public policy. We do not think it necessary to so hold. Item III of the Will devises $3,000.00 to Doris L. Robinson to be

delivered to her by the trustees when she reaches the age of twenty-one years. Then it provides further that in the event that Florence L. Robinson, mother of Doris, shall die before Doris dies that then Doris should be given into the sole charge of one of the trustees named in the Will and that the trustees shall provide for the maintenance, care and education of Doris until she becomes twenty-one years of age.

(Item VII, above referred to, directs the source from which these moneys shall be taken.) It did not affect the devises contained in Item IV.

Item III then provides that in the event Doris shall be given into the sole charge of one of the trustees that she shall share in the estate as the other grandchildren of the testator as thereinafter provided. But, in the event she should not be given into the charge of the said trustees by her mother's relatives or if she should refuse to go into the trustees' charge, then the amount of $3,000.00 shall be the only amount she shall receive from the testator's estate.

A perusal of the Will discloses that the testator made no provision in the Will for his other grandchildren except such provision as might be incidental to such grandchildren becoming beneficiaries by substitution.

In Item IV of the Will, after Lizzette G. Robinson, the wife, and Rose Robinson Lewis and Beulah Robinson Lewis had been named as beneficiaries to receive one-half of the net annual income derived from the estate in the proportion of one-fourth to the wife and one-eighth each to the daughters, it was provided:

"In the event of death of either of my beneficiaries herein named, or of their children taking by substitution after their death, I direct that the proportion of the income of such deceased person or persons, be divided among the issue of such deceased person and in the event such deceased

person shall have no living issue or direct descendants thereof, then I direct," etc.

Now in this clause the Testator in effect directed that in the event his wife should die after the Will had become effective by reason of his death, then her issue should take by substitution her part of the income during the continuance of the trust. Upon this condition we must base the determination of whether or not the provisions contained in Item III above referred to constituted conditions affecting the right of Doris to take by substitution on the death of her grandmother.

The Testator died in 1915; the mother of Doris died in 1917 and the wife of the Testator died in 1924.

It appears to be well settled that a condition precedent or a condition which is to defeat a vested estate must depend upon an event ascertainable from the beginning. Clavering v. Ellison, VII House of Lords Cases, 707; Merrill v. Emery, 10 Pick. 507. See also Jenkins v. Merritt, 17 Fla. 304. In the instant case the condition, if it had been made to apply to the bequests contained in Item IV, could not have been known or ascertainable from the beginning. If the Testator's wife had died before the death of Doris' mother, Doris would thereupon immediately become a beneficiary by substitution under the Will as issue of her grandmother. But the conditions imposed by Item III and Item VI as to *property* and *money* from the estate were not made to apply to the provisions of Item IV devising one-half of the *income* from the estate.

Under Item IV of the Will, at the death of the Testator's widow in 1924, her granddaughter, Mrs. Green, became entitled by substitution to receive annually one-third of the *"income"* bequeathed to her grandmother, who left surviving her, two daughters and Mrs. Green, the only child of the deceased son, J. S. Robinson, Jr., and no condition

is attached to such bequest to "the issue or direct descendants" of the first beneficiaries including the granddaughter, by substitution, of a portion of the *income* first bequeathed to the Testator's wife, the grandmother of the complainant, Mrs. Green. Item IV bequeaths *"income"* without conditions which exclude Testator's granddaughter; Doris.

Item IV of the Will uses the word "beneficiaries" in referring to Testator's wife and to his two living daughters; and the words "living issue or direct descendants" in Item IV refer to the descendants of the Testator's widow as well as to the descendants of the Testator's two daughters. Mrs. Green is a direct descendant of Testator's widow, being the daughter of her grandmother's son, J. S. Robinson, Jr., who died before the death of his father, the Testator.

Items III and VI bequeath portions of Testator's "estate" or "property" and imposed conditions which being unfulfilled exclude the granddaughter, Doris (Mrs. Green), or her heirs from participating in such bequests of the Testator's "property" or "estate" contained in Items III and VI of the Will.

Under the proper construction of the Will the appellant was entitled to become a beneficiary by substitution at the death of her grandmother and the status obtained whether the grandmother's death occurred before or after the death of the mother of the appellant. There was no condition attached to the right of the issue of the named beneficiaries to become a beneficiary or beneficiaries by substitution upon the death of the original beneficiary as to the bequest of *income* by Section IV.

As we construe the Will, it does not offend against the law against perpetuities. The trust, according to the terms of the Will, is to be closed twenty-one years after

the death of the last grandchild living at the time of the death of the Testator. Therefore, it is not provided to run longer than twenty-one years after the death of a person then living.

As to who will be entitled to participate in the distribution of the estate when the Trust shall be closed, we are not now concerned. That will be a problem for those charged with the distribution when that time arrives.

The order appealed from is reversed with directions that the cause be reinstated in the court below and further proceedings be had not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.

PER CURIAM.—This case is before us for consideration after rehearing granted, pursuant to opinion filed herein on November 1st, 1933.

Having again considered the record and argument of counsel presented to this Court, it is the judgment of the Court that the opinion and judgment rendered herein on November 1st, 1933, should be and the same is adhered to.

So ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.